MICHAEL D. WILSON
ANDREW R. BROWN
HILL RIVKINS & HAYDEN LLP
Attorneys for Defendants
Siemens Aktiengesellschaft and
Siemens Energy & Automation, Inc.

45 Broadway – Suite 1500
New York, New York  10006
(212) 669-0600


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

HANNAH BROTHERS,

                Plaintiff,

    -against-

OSK MARKETING & COMMUNICATIONS, INC.,
OSK PROJEKTMANAGEMANT, OLIVER
SCHROTT KOMMUNICATION GMBH, SIEMENS
AKTIENGESELLSCHAFT, and SIEMENS ENERGY
& AUTOMATION, INC.,

                Defendants.
------------------------------------X

Docket No.: 09-cv-0654 (RJH)


**DEFENDANT SIEMENS AKTIENGESELLSCHAFT'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO VACATE RULE B ATTACHMENT</u>**

Defendants Siemens Aktiengesellschaft ("Siemens AG") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Vacate the Process of Maritime Attachment and Garnishment ("PMAG") obtained by Plaintiff Hannah Brothers ("Hannah") pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure

1

("Rule B"). In this Reply Brief, Siemens AG will: first, demonstrate that plaintiff, even after having been challenged to do so, has still failed to allege a prima facie joint venture claim; second, explain that even if the court forgives plaintiff's deficient pleading, that the "joint venture" was always present in New York for Rule B purposes; and, finally, analyze why New York Joint Venture Law, with its five required elements is applicable.

## NEW YORK JOINT VENTURE LAW IS APPLICABLE, OR, ALTERNATIVELY, SHOULD BE BORROWED AS THERE IS NO UNIFORM MARITME RULE

While a claim of breach of a charter party is a maritime claim, it is not at all clear that the determination of whether the Siemens AG contracts with OSK PM and OSK GmbH were joint ventures is an issue of maritime law. The Exiderdome tour was an extended tour, performed primarily on land, with the exhibit traveling by rail and road. Only for a minimal portion of the tour did the exhibit travel by navigable water aboard plaintiff's barge. Therefore, "joint venture" agreement semi-alleged by plaintiff would be, if it actually existed, a land-based agreement to which maritime law does not apply, and the law of the forum is therefore appropriate.

Even if admiralty law were applicable to the determination of the joint venture issue, New York Law remains relevant. As plaintiff has admitted, admiralty courts "borrow" state law where there are gaps in the uniform admiralty law. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310 (1955). In Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd., 1988 WL 75262 at n.7 (S.D.N.Y. July 13, 1988), the court recited the maxim: "Under the doctrine of Wilburn Boat, state law is applied in appropriate admiralty cases in the absence of a controlling federal statute or rule established by the federal courts." Id.; accord Thomas v. NASL Corp., 2000 WL

2

1725011 at *7 (S.D.N.Y. Nov. 20, 2000); Roane v. Greenwich Swim Committee, 2004 WL 943572 at *1 (S.D.N.Y. April 30, 2004) ("[I]n a maritime action, courts may refer to state law that neither contravenes [a] clearly established rule of general maritime law nor impairs [a] principle of national uniformity") (citation omitted). In reaching the conclusion that New York Law Joint Venture Law was applicable in the maritime case before it, the Itel court held that "no such [controlling] federal statute or rule exists, and no special need for uniformity demands that this court fashion one." Subsequently, and without further debate, in Itel Containers Int'l Corp. v. Alanttrafik Express Serv. Ltd., 909 F.2d 698, 701 (2d Cir. 1990), the Second Circuit agreed with the district court's analysis:

> Under New York law, **which applies to this case.** . . . In order to form a joint venture (1) two or more persons must enter into a specific agreement to carry on an enterprise for profit; (2) their agreement must evidence their intent to be joint venturers; (3) each must make a contribution of property, financing, skill, knowledge, or effort; (4) each must have some degree of joint control over the venture; and (5) there must be a provision for the sharing of both profits and losses. **All of these elements must be present before joint venture liability may be imposed.**

Id. (emphasis added) (internal citations omitted).

In its Opposition, plaintiff strains to contrive the controlling federal statute or rule on joint ventures that both the district court and Second Circuit denounced in the Itel decisions. Bizarrely, at page 17 of its Opposition, plaintiff admits that numerous courts have looked to the joint venture laws of several states. Without digging any deeper, this concession demonstrates that there is no federal statute, or uniform rule[1] on joint venture.

---

[1] Siemens notes that plaintiff has apparently confused two tangentially related concepts. While several decisions cited by the plaintiff **recognize** a joint venture claim in admiralty (e.g. Cashman Equip. Corp. v. Trans Caribbean Transp. Co., Ltd., 1996 WL 626294 *3 (E.D. La. Oct. 29, 1996) ("the joint venture theory

However, a closer look at the cases cited by plaintiff is equally unmerciful. For example, the <u>Cashman Equip. Corp. v. Trans Caribbean Transp. Co., Ltd.</u>, 1996 WL 626294 (E.D. La. Oct. 29, 1996) decision does not purport to recite any uniform federal/admiralty rule on joint venture. Instead, the <u>Cashman</u> court relies upon <u>Hellenic Lines, Ltd. v. Commodities Bagging & Shipping Process Supply Co., Inc.</u>, 611 F. Supp. 665, 679 (D.N.J. 1985)[2], which held without pause that New Jersey Joint Venture Law was applicable in the maritime case before it:

> In addition to the requirement of an actual agreement, the following elements **must also be present**: (A) A contribution by the parties of money, property, effort, knowledge, skill or other asset to a common undertaking; (B) A joint property interest in the subject matter of the venture; (C) A right of mutual control or management of the enterprise; (D) An agreement to share in the profits or losses of the venture.

<u>Id.</u> (emphasis added) (citing <u>Wittner v. Metzger</u>, 178 A.2d 671, 675 (N.J. Super. Ct. App. Div. 1962) and 2 Williston, Contracts § 318A (3d ed. 1959)).

Accordingly, Siemens AG respectfully submits that Second Circuit precedent, as well as general maritime law, reveals that there is no federal statute or uniform rule defining joint venture. Instead, courts seated in admiralty resort to state law. New York State Law (or New Jersey Law) on joint venture, which applies in this case, clearly requires that all of the five[3] essential elements (four in New Jersey) of a joint venture must be alleged in order for a plaintiff to raise a prima facie joint venture claim. As was more fully developed in Siemens' underlying brief, plaintiff has sentenced its joint

---

is one that has been recognized by courts in admiralty")), Siemens submits that mere recognition of a species of claim in admiralty cannot be automatically equated with the existence of a recognized, uniform admiralty definition of "joint venture"—hence the several courts' constant resort to various states' laws.
[2] Also cited in plaintiff's lengthy page 17 string citation.
[3] In New Jersey, all four essential elements must be present before a finding of joint venture liability is proper. <u>Hellenic Lines</u>, 611 F. Supp., at 679; <u>Wittner v. Metzger</u>, 178 A.2d at 675.

venture claim to the firing squad by failing to allege all of the required elements. Based on the foregoing, the immediate vacatur of the Rule B Attachment of Siemens AG's property in this district is required.

### PLAINTIFF HAS STILL NOT SUFFICIENTLY ALLEGED A PRIMA FACIE CLAIM OF JOINT VENTURE

Plaintiff's Opposition to this motion has added nothing of substance to bolster its tenuous allegations of the existence of a joint venture. Simply invoking the phrase "joint venture", no matter how frequently, is insufficient to plead a prima facie claim. Instead, sufficient factual allegations supporting the contentions must be made. Brave Bulk Transport Ltd. v. Spot On Shipping Ltd., 2007 WL 3255823 at *5 (S.D.N.Y. Oct. 30, 2007). The factual allegations must indicate intent of the parties to enter into something more than merely a contractual relationship. Zeising v. Kelly, 152 F.Supp. 2d 335, 348-9 (S.D.N.Y. 2001).

Plaintiff has pled no specific allegations in the Verified Complaint to support its conclusory allegations that the defendants entered into a joint venture, and the Declaration of Donald Hannah, plaintiff's principal, fails to add anything new. This is the best plaintiff could do:

a) At paragraph 19 of his[4] Declaration, Mr. Hannah claims "Siemens employees were involved with certain aspects of the Barge Exiderdome No. 1 including port visits and receptions." As the purpose of the Exiderdome tour was to promote Siemens AG and its products and services to customers and potential customers, it would be odd indeed for

---

[4] We assume the document Declaration of Donald C. Hannah was intended to be just that, although James Power is shown as Declarant.

Siemens personnel not to be present to host the exhibition. This allegation certainly does not tend to show a joint venture.

b) At paragraph 20, Mr. Hannah states: "It is my understanding that the decision to breach the bareboat charter was a joint decision made by Siemens and OSK. I understand this to be because OSK required Siemens' advice and approval for all major decisions and Siemens wanted to have the Exiderdome transported to Charlotte North Carolina." This is a bootstrap, circular argument, presupposing that Siemens AG was a party to the charter agreement. Siemens could not breach a charter party it wasn't a party to. As to the claim that Siemens advised and approved major decisions, it is common for a party to advise and approve the actions of a subcontractor. By contrast, joint venturers involve joint control or the joint right of control. Saspostes v. M/V Sol de Copacabana, 581 F.2d 1204 (5th Cir. 1978).

Mr. Hannah's Declaration fails to cure the glaring deficiencies of the Verified Complaint, and demonstrates conclusively that plaintiff is not in possession of any evidence of a joint venture between the defendants. Accordingly, Siemens AG respectfully submits that the Rule B attachment of its property must be immediately vacated.

**EVEN IF THE COURT PARDONS PLAINTIFF'S DEFICIENT PLEADING OF JOINT VENTURE, THE "JOINT VENTURE" ALLEGED BY PLAINTIFF IS "PRESENT" IN NEW YORK FOR RULE B PURPOSES, AND IS ALSO THE PARTY PRIMARILY LIABLE UNDER A JOINT VENTURE THEORY**

The liability of individual partners under New York law is solely as an incident of the partnership, and is not a separate and independent liability. Hartigan v. Casualty Co. of America, 227 N.Y. 175, 124 N.E. 789 (1919); Ruzicka v. Rager, 305 N.Y. 191, 111

N.E. 2d 878. Since the partners' individual liability is derivative only, "resort may be had against them only if the joint or partnership property is insufficient to pay the firm debts or it appears there can be no effective remedy without resort to individual property". Wisnouse v. Telsey, 367 F.Supp. 855, 859 (S.D.N.Y. 1973) (Weinfeld, J.). A complaint that fails to allege a partnership is insolvent and unable to pay its debts is insufficient to state a claim against the individual partners. Pine Plains Lumber Corp. v. Messina, 78 A.D. 2d 271, 435 N.Y.S. 2d 381, 384 (3rd Dept. 1981); See also Cunard Line Ltd. v. Abney, 540 F.Supp. 657 (S.D.N.Y. 1982).

Therefore, contrary to plaintiff's current argument that it is suing Siemens and OSK "personally and individually" (Plaintiff's Opposition Brief, at 9) and may thus ignore the New York presence of the purported joint venture, plaintiff's primary claim is against the joint venture.[5] Plaintiff must first pursue the alleged joint venture, and only then, upon a showing that the joint venture is bankrupt or unable to pay its debts, can plaintiff pursue the alleged joint venturers individually. Helmsley v. Cohen, 56 A.D. 2d 519, 391 N.Y.S. 2d 522 (1977). Friedman v. Gettner, 6 A.D. 2d 647, aff'd 7 N.Y. 2d, 764. Since the joint venture is concededly "found" within the district through OSK Marketing's presence here, the Rule B attachment was wrongful.

Plaintiff cannot have his cake and eat it too. Having alleged the existence of a joint venture in order to assert Siemens AG's liability for alleged breach of the Hannah/OSK Marketing Bareboat Charter, plaintiff cannot now ignore the joint venture he has conjured. If plaintiff wished to pursue the joint venture, he should have named the joint venture as defendant and served one of the alleged venturers. By short-circuiting

---

[5] Indeed, plaintiff's complaint asserts no basis for liability of Siemens AG independent of its claimed joint venture liability.

7

that approach and claiming directly against the alleged joint venturers in their individual capacities, plaintiff's claim is prima facie invalid. Indeed, in joint venture attachment cases, it is the assets of the alleged joint venture that are attached; not the personal assets of an alleged joint venturer. *See* Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd., 689 F. Supp. 1340 (S.D.N.Y. 1988); Satra Metallurgical, Inc. v. Delmar Int'l, S.A., 1994 WL 577433 (E.D. La. Oct. 18, 1994).

The cases cited and argument advanced by plaintiff—that service of process upon a partner confers jurisdiction over the partnership, but not over other partners—miss the point. Plaintiff's argument concerns service of process, not the presence of the partnership or joint venture in New York for the purposes of Rule B. The matter before the Court is clearly not a service of process issue. Siemens AG is not arguing that personal service of the complaint on, for example, alleged co-joint venturer OSK Marketing confers personal jurisdiction over all the alleged joint venturers, because it clearly does not. Such service does, however, confer personal jurisdiction over the putative joint venture rendering it "found" within the district. And where plaintiff's claim for Siemens AG liability is based solely on its status as an alleged joint venturer, the presence of the venture in New York bars a Rule B attachment. Accordingly, Siemens AG respectfully submits that the Rule B Attachment of its property in this district must been immediately vacated.

## CONCLUSION

Based on the foregoing, and for the reasons stated in Siemens AG's Brief in Support of its Motion to Vacate the Rule B Attachment, the attachment of Siemens' property must be vacated immediately.

Dated: New York, New York
      April 3, 2009

                              HILL RIVKINS & HAYDEN LLP
                              Attorneys for Defendant
                              Siemens AG

By: _____
                              Michael D. Wilson
                              45 Broadway – Suite 1500
                              New York, New York 10006
                              (212) 669-0600

30021\30021-1\010REPLY-MEMO